UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALULA FANTAYE HAGOS,**<br>A# 044 218 148,<br><br>    Petitioner,<br><br>v.<br><br>**WARDEN, South Texas ICE Processing Center, and KRISTI NOEM, Secretary, U.S. Department of Homeland Security,**<br><br>    Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-25-CV-00447-JKP |

**ORDER**

  Before the Court is *pro se* Petitioner Alula Fantaye Hagos's "Motion for Appointment of Counsel" and supporting memorandum in this 28 U.S.C. § 2241 matter. (ECF Nos. 19, 20). Hagos is proceeding *in forma pauperis* ("IFP"). Upon review, Hagos's motion is **DENIED WITHOUT PREJUDICE**. (ECF No. 19).

  Hagos's § 2241 Amended Petition relates to an immigration removal proceeding; he has a final order of removal. (ECF Nos. 2, 14). Despite the final order, Hagos seeks release from custody claiming: (1) he is entitled to derivative citizenship; (2) the revocation of the Order of Supervision was erroneous; and (3) he has been unreasonably detained. (ECF No. 2). Hagos has now filed a motion seeking appointment of counsel in this matter. (ECF No. 19). Hagos does not provide any argument in support of his motion; rather, in an accompanying memorandum, he simply reiterates his claim that he is unconstitutionally detained. (*Id.*).

  "[R]emoval proceedings are 'civil, not criminal in nature.'" *Gonzalez–Reyes v. Holder*, 313 F. App'x 690, 696 (5th Cir. 2009) (quoting *Sewani v. Gonzales*, 162 F. App'x 285, 288 (5th Cir. 2006) (per curiam)). Accordingly, "an alien has no Sixth Amendment right to effective

counsel during removal proceedings." *Rodriguez–Salazar v. Sessions*, 691 F. App'x 173, 174 (5th Cir. 2017) (per curiam) (quoting *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006)). However, pursuant to § 3006A(a)(2)(B) of Title 18 of the United States Code, "a [financially–eligible habeas] petitioner should be appointed counsel when 'the interests of justice so require.'" *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (concerning federal post–conviction proceedings; quoting 18 U.S.C. § 3006A(a)(2)(B)).

The Court finds that under § 3006A(a)(2)(B), the interests of justice do not currently require that the Court appoint counsel for Hagos in this matter. Hagos's filings demonstrate he is able to adequately represent himself, the issues presented are not particularly complex, and this matter does not involve novel legal issues. *See Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985); *Schwander v. Blackburn*, 750 F.2d 494, 502–03 (5th Cir. 1985). Thus, the Court finds Hagos's motion should be denied. (ECF No. 19). However, the motion is denied without prejudice. Should circumstances change as this litigation proceeds, Hagos may renew his motion if there is a proper showing that the interests of justice require appointment of counsel. The Court may also consider appointing counsel on its own motion.

**IT IS THEREFORE ORDERED** that Hagos's "Motion for Appointment of Counsel" (ECF No. 19) is **DENIED WITHOUT PREJUDICE**.

It is so **ORDERED**.

SIGNED this 19th day of September, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE